UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD SEXTON

     Plaintiff,

v.                                            Case No. 3:14cv51/MCR/CJK

JAMES B. FREEMAN, et al.,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendants' "Motion for Order Compelling Answers to Interrogatories and Appearance at Deposition and for Sanctions" (hereinafter "Motion for Sanctions") (doc. 41). The motion requests that the court dismiss this action for plaintiff's failure to participate in discovery, or, alternatively, issue an order compelling plaintiff to answer interrogatories and attend his deposition. The motion also seeks reasonable expenses, including attorney's fees, for compelling plaintiff's answers to interrogatories and his attendance at a deposition.

On May 29, 2014, defendants served interrogatories on plaintiff's counsel; plaintiff's sworn, written answers were due by June 30, 2014. (Doc. 41, p. 2); Fed R. Civ. P. 6, 33. Due to settlement negotiations, plaintiff was granted an extension of time in which to respond to the interrogatories. (*Id.*). Settlement negotiations reached an impasse on August 6, 2014; defendants requested that plaintiff file his answers to the interrogatories no later than September 5, 2014. (*Id.*). On September 11, 2014, defendants agreed to extend the due date for the answers to September 15, 2014. (*Id.*). Plaintiff served unverified answers to the interrogatories on October 6,

2014. (*Id.*). Defendants objected to plaintiff's answers as incomplete, unresponsive, evasive, and noncompliant with both Northern District of Florida Local Rules and the Federal Rules of Civil Procedure. (*Id.*, p. 2-3). After counsel for both parties discussed the objections, plaintiff's counsel informed defendants plaintiff would submit verified amended answers. (*Id.*, p. 3). Plaintiff's counsel subsequently informed defendants he had been unable to contact plaintiff. (*Id.*). On November 4, 2014, defendants requested that plaintiff's counsel submit plaintiff's verified amended answers within ten days. (*Id.*). Plaintiff's counsel again submitted unverified answers to the interrogatories. (*Id.*). On November 14, 2014, defendants provided plaintiff's counsel with objections to the answers. (*Id.*). Defendants have not received a response to their objections or answers that comply with Federal Rule of Civil Procedure 33. (*Id.*, p. 4). The instant Motion for Sanctions asserts $250.00 "is the reasonable amount of expenses, including attorney's fees, incurred by Defendants in attempting to secure answers to Interrogatories prior to making this Motion for Sanctions and in researching, drafting, and arguing the portion of this Motion related to Plaintiff's failure to properly answer the Interrogatories." (*Id.*).

In addition, on November 19, 2014, defendants served a notice of deposition on plaintiff's counsel requiring plaintiff to appear for a deposition on December 10, 2014. (*Id.*). Although plaintiff's counsel appeared at the scheduled date and time, plaintiff did not. (*Id.*, p. 5). Defendants assert $250.00 "is the reasonable amount of expenses, including attorney's fees, incurred by Defendants in waiting for Plaintiff's appearance, preparing for this deposition, and in researching, drafting, and arguing the portion of this Motion related to Plaintiff's nonappearance at his duly noticed deposition." (*Id.*).

Case No. 3:14cv51/MCR/CJK

After defendants filed their Motion for Sanctions on January 5, 2015, plaintiff's counsel filed a motion to withdraw from representation (doc. 42), which the court granted (doc. 43). After providing plaintiff with an opportunity to obtain substitute counsel (doc. 43) and respond to the defendants' Motion for Sanctions (doc. 45), the court issued an order on March 6, 2015, directing plaintiff to show cause why this case should not be dismissed with prejudice and expenses awarded to defendants. (Doc. 46). To date, plaintiff has not responded to the defendants' motion or the court's show cause order.

Pursuant to Federal Rule of Civil Procedure 37(d), the court may order sanctions if a party fails to attend a properly noticed deposition or fails to answer interrogatories. Fed. R. Civ. P. 37(d)(1). Those sanctions may include dismissal of an action. *Id*. 37(d)(3) (incorporating Fed. R. Civ. P. 37(b)(2)(A)(v)). In addition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* Based on plaintiff's failure to participate in discovery, failure to respond to defendants' motion, and failure to respond to the court's show cause order, the court finds dismissal of this action warranted. The circumstances of this case dictate a conclusion that no lesser sanction could be effective. The dismissal, however, will be without prejudice.[1] In addition, the court will allow defendants to recover their reasonable

---

[1] Plaintiff alleges the defendants willfully violated provisions of the Fair Labor Standards Act ("FLSA"). (Doc. 14). Willful violations of FLSA are subject to a three-year statute of limitations period. 29 U.S.C. § 255(a). The complaint indicates plaintiff was hired by the defendants in March of 2013. (Doc. 14, p. 4). Dismissal of this case, therefore, will not act as a dismissal with prejudice. *See Perry v. Zinn Petrol. Cos., LLC*, 495 F. App'x 981, 984-85 (11th Cir. 2012) (discussing relationship between statute of limitations under FLSA and dismissals without prejudice).

Case No. 3:14cv51/MCR/CJK

expenses, including attorney's fees, caused by plaintiff's failure to attend the December 10, 2014 deposition and failure to provide answers to defendants' interrogatories that comply with the Federal Rules of Civil Procedure.  As plaintiff has not provided a reason for his failure to participate in discovery, the court cannot conclude an award of expenses would be unjust.  The court finds the requested amount of $500.00 to be reasonable.

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' "Motion for Order Compelling Answers to Interrogatories and Appearance at Deposition and for Sanctions" (doc. 41) be GRANTED to the extent indicated in this report and this case be DISMISSED WITHOUT PREJUDICE.

2. That defendants be awarded $500.00 in expenses and attorney's fees.

At Pensacola, Florida this 2nd day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

Case No. 3:14cv51/MCR/CJK